UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BERNAT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CITY OF CALIFORNIA CITY,<br>CALIFORNIA CITY POLICE<br>DEPARTMENT, OFFICER STANDISH<br>KNOWLTON BADGE #53024 AND LT.<br>ERIC HURTADO BADGE #53012 and<br>DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | 1:10-cv-0305 OWW JLT<br><br>AMENDED SCHEDULING<br>CONFERENCE ORDER<br><br>Discovery Cut-Off: 12/10/10<br><br>Non-Dispositive Motion<br>Filing Deadline: 12/27/10<br><br>Non-Dispositive Motion<br>Hearing Date:  2/4/10 9:00<br>Bakersfield<br><br>Dispositive Motion Filing<br>Deadline: 1/10/11<br><br>Dispositive Motion Hearing<br>Date:  2/14/11 10:00 Ctrm. 3<br><br>Settlement Conference Date:<br>2/16/11 10:00 Bakersfield<br><br>Pre-Trial Conference Date:<br>3/7/11 11:00 Ctrm. 3<br><br>Trial Date: 4/26/11 9:00<br>Ctrm. 3 (JT-5 days) |

I.   Date of Scheduling Conference.

　　　June 30, 2010.

II.  Appearances Of Counsel.

　　　Williamson & Krauss by Todd B. Krauss, Esq., appeared on

1 | behalf of Plaintiff.
2 |     Manning & Marder, Kass, Ellrod, Ramirez LLP by Susan E.
3 | Coleman, Esq., appeared on behalf of Defendants.
4 | III.   Summary of Pleadings.
5 |     1.   On August 8, 2009, Plaintiff, a 68 year old man with
6 | osteo arthritis in most all of his joints and gouty arthritis in
7 | his feet, along with a degenerative disc disease in his neck,
8 | asthma and numerous other medical conditions, alleges he went to
9 | Central Park to feed the geese and spend a nice day in the fresh
10 | air.  Plaintiff alleges he walked around the park and then sat in
11 | his car to rest and relax at the park.  Unbeknownst to Plaintiff,
12 | an individual called the police regarding a suspicious person.
13 |     2.   Defendant Knowlton received a call from dispatch
14 | advising him of a suspicious person closely watching the girls
15 | swimming in the pool.  The caller alleged that Plaintiff was
16 | staring at the girls over a chain linked fence that surrounded
17 | the pool.  Upon arriving at the location, Defendant Knowlton
18 | noticed an employee at the Central Park swimming school pointing
19 | to a white Toyota pick up truck with the license plate 8T008977
20 | parked in the parking area near the pool area.
21 |     3.   Defendant Knowlton approached the vehicle and alleges
22 | he saw Plaintiff sitting in the driving seat moving his head in
23 | fast motion looking toward subjects in numerous areas of the
24 | park.  Defendant Knowlton contacted the Plaintiff by knocking on
25 | the driver side window and motioning for him to roll it down.
26 |     4.   Defendant Knowlton alleges that the Plaintiff became
27 | very agitated and pointed his finger very close to his face,
28 | whereupon Knowlton took a step back to a position slightly behind

2

1 the driver side door and advised the Plaintiff to be aware of
2 where he waves his hand.  Knowlton further alleges that Plaintiff
3 got extremely upset and swung his closed fist in a backwards
4 motion while leaning his body in Knowlton's direction.  Knowlton
5 claims to have grabbed Plaintiff's left wrist and attempted a
6 control hold, but Plaintiff was able to pull his arm back into
7 the car and roll up the window.
8     5.   Knowlton attempted to open the driver's side door 2-3
9 times to remove Plaintiff from the vehicle.  Plaintiff locked the
10 door and began to reverse his vehicle.  At this point in time,
11 Defendant Hurtado arrived and prevented the Plaintiff from
12 leaving by blocking his exit with his patrol car.
13     6.   Defendants allege that Plaintiff exited his vehicle,
14 where he was told to turn around and place his hands on the back
15 of his head.  Upon exiting the vehicle, Plaintiff allegedly
16 yelled at the officers as they were giving him instructions to
17 comply.  Knowlton told the Plaintiff that if he did not comply
18 with their instructions he was going to be tased.
19     7.   Defendant Hurtado attempted to place a control hold on
20 Plaintiff in order to place handcuffs on him, whereupon it is
21 alleged that the Plaintiff began to struggle with Hurtado and
22 somehow was able to pull his arm away from Hurtado.  Plaintiff
23 fell against the back rear bed of the truck, whereupon Knowlton
24 fired his taser into the left stomach and leg region of the
25 Plaintiff.  The application of the taser caused the Plaintiff to
26 fall to the ground and suffer a scrape to his left elbow,
27 whereupon he was handcuffed and placed under arrest.
28     8.   Plaintiff was taken into custody, checked by paramedics

3

1  at the scene, then taken to Tehachapi Hospital to be cleared for
2  booking.  Plaintiff was then taken to Kern County Sheriff's
3  Department Central receiving area and booked.
4  A.   Plaintiff's Factual & Legal Contentions.
5       9.   On August 8, 2009, prior to being shot multiple times
6  with a taser, John Bernat had not committed any crime and was
7  within his Constitutional rights to ask Officers Knowlton and
8  Hurtado what was going on.  The Officers had no legal
9  justification to use physical force against the Plaintiff while
10 simply trying to ask him questions.  Plaintiff had simply asked
11 to know what was going on and was told that force was going to be
12 used against him if he did not place his hands behind his back.
13 At no time did Plaintiff threaten or confront Officers Knowlton
14 or Hurtado in order to justify the use of force let alone the use
15 of a taser against him.  Officer Knowlton claims that he was
16 justified in using the taser because Plaintiff would not place
17 his arms behind his back after being asked to do so even though
18 he had committed no crime.
19      10.  Plaintiff seeks compensatory damages for the
20 unjustified, wrongful and malicious acts of the Defendants that
21 caused him to suffer fright, extreme and severe mental anguish
22 and extreme physical pain.  Plaintiff relies on the objective
23 reasonableness standard enunciated in *Graham v. Connor*, 490 U.S.
24 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).  Plaintiff further
25 claims that Officers Knowlton and Hurtado acted intentionally and
26 recklessly in that shooting the Plaintiff with a taser multiple
27 times was willful, malicious, oppressive and in conscious
28 disregard of Plaintiff's constitutional rights, thereby

4

justifying the imposition of punitive or exemplary damages against Officers Knowlton and Hurtado.

11. Pursuant to the provisions of *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) and *Wilson v. Seiter*, 501 U.S. 294 (1991), Plaintiff must establish that the Defendants acted recklessly, knowingly, or with unnecessary and wanton behavior.  Defendants maintain that they at all times complied with the standard of care.  *Monroe v. Regents of the University of California*, 215 Cal.App.3d 977, 983-84 (1989).  Defendants maintain that Plaintiff will be unable to establish a mere negligence case against them pursuant to *Flowers v. Torrance Memorial Hospital Medical Center*, 8 Cal.4th 992, 999 (1994), and will be unable to establish *Monell* responsibility against the City of California and Officers Standish Knowlton and Eric Hurtado.  *Monell, supra*, 436 U.S. at 694.

12. Plaintiff demanded a jury trial in his complaint dated February 19, 2010, and Defendants demanded a jury trial in their answer dated April 8, 2010.

B.   Defendants' Factual and Legal Contentions.

13. Defendants contend their use of force was reasonable under the Fourth Amendment.  When Plaintiff attempted to evade and assault officers, and resisted arrest, Defendant Knowlton reasonably used force by grabbing Plaintiff's wrist and then using the taser to control him.  *Graham*, 490 U.S. 386. Defendants are also entitled to qualified immunity, as they reasonably believed their actions in restraining Plaintiff were lawful in light of his aggressive actions.  *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

14.  Similarly, Defendants did not commit an assault or battery on Plaintiff, as their use of force was reasonable to take Plaintiff into custody when he assaulted officers and resisted arrest.  Defendants were not negligent when they initially acted to question Plaintiff and then take him into custody, but were responding reasonably to Plaintiff's yelling and his evasive, assaultive, and resistive actions.  Nor did Defendants threaten or intimidate Plaintiff in violation of Civil Code 52.1, as their commands were lawful and appropriate.

15.  Defendant, City of California, is not liable under a Monell theory because the individual Defendants did not act inappropriately.  Section 193 precludes local government liability absent action pursuant to official municipal policy of some nature that caused a constitutional tort.  *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978). Only when a City's policy or custom causes the injury, or the City's inadequate training of an officer causes the injury, is the entity liable.  *Id.* at 692, 694; *City of Canton v. Harris*, 489 U.S. 378, 387 (1989).  Defendant City of California properly hired, retained, supervised, trained, and disciplined its officers, including the individual Defendants in this case.

IV.  Orders Re Amendments To Pleadings.

1.   The parties do not anticipate amending the pleadings at this time.

V.  Factual Summary.

A.  Admitted Facts Which Are Deemed Proven Without Further Proceedings.

1.   Plaintiff, John Bernat, is an individual citizen

6

of the United States.

      2.    Defendant City of California City is a public entity within the meaning of California law.

      3.    The California City Police Department is sued although it does not appear to be a legal entity with capacity to be sued under the Civil Rights Act.

      4.    Defendants Standish Knowlton and Eric Hurtado are duly acting and employed police officers for the City of California City.

      5.    At all times each officer was acting in the course and scope of his employment and under color of law.

      6.    The subject incident that gives rise to this case occurred on or about August 8, 2009, at Central Park in California City.

      7.    The Officers contacted Plaintiff at the Central Park on the date of August 8, 2009 and placed Plaintiff under arrest.

      8.    In affecting the arrest, a taser was used on the Plaintiff.

      9.    The Plaintiff was taken to the hospital, treated, and released.

  B.    Contested Facts.

      1.    All remaining facts are disputed.

VI.  Legal Issues.

  A.    Uncontested.

      1.    Jurisdiction exists under 28 U.S.C. §§ 1331 and 1343(3). Plaintiff also invokes jurisdiction under 28 U.S.C. § 1367.

7

        2.    Venue is proper under 28 U.S.C. § 1391(b).

        3.    The parties agree that the substantive law of the State of California provides the rule of decision for supplemental claims.

    B.    Contested.

        1.    The key legal issues involve the following:

        2.    Whether it was objectively reasonable for Officers Knowlton and Hurtado to have used any force, including the use of the taser against Plaintiff, or whether such use amounted to the use of excessive force according to the standards set forth in *Graham*.

        3.    Whether Officers Knowlton and Hurtado are entitled to qualified immunity because it was not clearly established, in a more particularized sense, that their actions at the time of this incident were violative of Plaintiff's constitutional rights.

        4.    Whether the City has liability under *Monell* for the actions of its officers.

VII. Consent to Magistrate Judge Jurisdiction.

    1.    The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII.    Corporate Identification Statement.

    1.    Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the

1 information.

IX.  Discovery Plan and Cut-Off Date.

   1.   The parties are ordered to complete all non-expert discovery on or before October 4, 2010.

   2.   The parties are directed to disclose all expert witnesses, in writing, on or before October 11, 2010.  Any rebuttal or supplemental expert disclosures will be made on or before November 11, 2010.  The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations.  Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.  Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

   3.   The parties are ordered to complete all discovery, including experts, on or before December 10, 2010.

   4.   The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts may be fully prepared to be examined on all subjects and opinions included in the designation.  Failure to comply will result in the imposition of sanctions.

X.   Pre-Trial Motion Schedule.

   1.   All Non-Dispositive Pre-Trial Motions, including any discovery motions, will be filed on or before December 27, 2010, and heard on February 4, 2011, at 9:00 a.m. before Magistrate Judge Jennifer L. Thurston in Bakersfield.

    2.    In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d).  However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251.

    3.    All Dispositive Pre-Trial Motions are to be filed no later than January 10, 2011, and will be heard on February 14, 2011, at 10:00 a.m. before the Honorable Oliver W. Wanger, United States District Judge, in Courtroom 3, 7th Floor. In scheduling such motions, counsel shall comply with Local Rule 230.

XI.  Pre-Trial Conference Date.

    1.    March 7, 2011, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.    The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

    3.    Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference.  The Court will insist upon strict compliance with those rules.

XII. Motions - Hard Copy.

    1.    The parties shall submit one (1) courtesy paper copy to the Court of any motions filed.  Exhibits shall be marked with <u>protruding numbered or lettered tabs</u> so that the Court can easily identify such exhibits.

///

XIII.  Trial Date.

    1.  April 26, 2011, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

    2.  This is a jury trial.

    3.  Counsels' Estimate Of Trial Time:

        a.  4-5 days.

    4.  Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

XIV. Settlement Conference.

    1.  A Settlement Conference is scheduled for February 16, 2011, at 10:00 a.m. in Bakersfield before the Honorable Jennifer L. Thurston, United States Magistrate Judge.

    2.  Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

    3.  Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship.  If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

11

    4.   Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement. The statement should not be filed with the Clerk of the Court nor served on any other party. Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon. Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

    5.   The Confidential Settlement Conference Statement shall include the following:

        a.   A brief statement of the facts of the case.

        b.   A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

        c.   A summary of the proceedings to date.

        d.   An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

        e.   The relief sought.

        f.   The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

///

XV.   Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

    1.   These issues will be addressed by motion, except that the issue of punitive damages as to amount, if any, shall be tried in a second phase in a continuous trial before the same jury.

XVI. Related Matters Pending.

    1.   There are no related matters.

XVII.   Compliance With Federal Procedure.

    1.   The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.  To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XVIII.   Effect Of This Order.

    1.   The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution.  The trial date reserved is specifically reserved for this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

    2.   Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached

exhibits, which establish good cause for granting the relief requested.

3. Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   September 29, 2010                      /s/ Oliver W. Wanger
                                            UNITED STATES DISTRICT JUDGE