1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                   **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  JOHN BERNAT,                          ) Case No.: 1:10-cv-00305 OWW JLT
                                          )
12              Plaintiff,                ) ORDER GRANTING IN PART AND DENYING
                                          ) IN PART PLAINTIFF'S MOTION TO COMPEL
13         v.                             ) PRODUCTION OF DOCUMENTS
                                          )
14  CITY OF CALIFORNIA CITY,              ) (Doc. 15)
    CALIFORNIA CITY POLICE                )
15  DEPARTMENT, OFFICER STANDISH          )
    KNOWLTON BADGE #53024 AND LT.         )
16  ERIC HURTADO BADGE #53012, and        )
    DOES 1 through 10, inclusive,         )
17                                        )
                                          )
18              Defendants.               )
                                          )
19  _____)

20         Plaintiff, John Bernat, seeks an order compelling production of documents by Defendant City

21  of California City ("City") relating to personnel records held by City as to defendants Knowlton and

22  Hurtado.  (Doc. 15) On October 12, 2010, the Court heard argument regarding this motion.  The Court

23  has read and considered the pleadings and arguments of counsel.  For the reasons discussed below, the

24  Court **GRANTS IN PART AND DENIES IN PART** the motion to compel.

25  **I.     Background**

26         Plaintiff alleges that he was subject to excessive force by defendants Knowlton and Hurtado.

27  (Doc. 1 at 4-5) Among other state law claims, he asserts that he is entitled to damages under 42 USC

28

                                          1

§ 1983 for the excessive use of force by the individual defendants and claims that an unconstitutional custom or policy caused the damages, under <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 691-692 (1978).

Plaintiff propounded a request for documents upon City seeking information that is contained within Knowlton's and Hurtados' personnel records.  As to some of the documents requested, the City has reported that it has no responsive documents and as to other requests, City has refused to provide the documents based upon claims of privilege.

**A.      Scope of Discovery**

The scope and limitations of discovery are set forth by the Federal Rules of Civil Procedure and Evidence.  Fed.R.Civ.P. 26(b) states:

> Unless otherwise limited by court order, parties may obtain discovery regarding any nonprivileged manner that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things. . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the accident. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401.  Further, relevancy to a subject matter is interpreted "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case." <u>Oppenheimer Fund, Inc. v. Sanders</u>, 427 U.S. 340, 351 (1978).

**B.      Requests for Production of Documents**

A party propounding the request may seek documents "in the responding party's possession, custody, or control."  Fed.R.Civ.P. 34(a).  A request is adequate if it describes items with "reasonable particularity;" specifies a reasonable time, place, and manner for the inspection; and specifies the form or forms in which electronic information can be produced.  Fed.R.Civ.P. 34(b).  A request is sufficiently clear and unambiguous if it "places the party upon 'reasonable notice of what is called for and what is not.'"  <u>Kidwiler v. Progressive Paloverde Ins. Co.</u>, 192. F.R.D. 193, 202 (N.D. W. Va. 2000), <u>quoting</u> <u>Parsons v. Jefferson-Pilot Corp.</u>, 141 F.R.D. 408, 412 (M.D.N.C. 1992); <u>see also</u> 2 Schwarzer, Tashima

2

& Wagstaffe, Federal Civil Procedure Before Trial (2003) Discovery, para. 11:1886 (test is whether a respondent of average intelligence would know what items to produce).

The responding party must respond in writing and is obliged to produce all specified relevant and non-privileged documents, tangible things, or electronically stored information in its "possession, custody, or control" on the date specified. Fed.R.Civ.P. 34(a). In the alternative, a party may state an objection to a request, including the reasons. Fed.R.Civ.P. 34(b)(2)(A)-(B). Boilerplate objections to a request for a production are not sufficient. Burlington Northern & Santa Fe Ry. v. United States Dist. Court, 408 F.3d 1142, 1149 (9th Cir. 2005). When a party resists discovery, he "has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." Oakes v. Halvorsen Marine Ltd, 189 F.R.D 281, 283 (C.D. Cal. 1998), citing Nestle Food Corp. v. Aetna Cas. & Sur. Co., 135 F.R.D. 101, 104 (D.N.J. 1990). Finally, if a party "fails to respond that inspection will be permitted - or fails to permit inspection - as requested under Rule 34," the propounding party may make a motion to compel production of documents. Fed.R.Civ.P. 37(a)(3)(B)(iv).

**III.    The official information privilege**

Under federal law, government personnel files are considered official information and carry a qualified privilege against disclosure. Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir.1990). The purpose of the official information privilege is provide for disclosure of discoverable information without compromising the state's interest in protecting the privacy of law enforcement officers and in ensuring the efficacy of its law enforcement system. Kelly v. City of San Jose, 114 F.R.D. 653, 662-63 (N.D. Cal. 1987). "In the context of civil rights suits against police departments, this balancing approach should be 'moderately pre-weighted in favor of disclosure.'" Soto v. City of Concord, 162 F.R.D. 603, 613 (N.D. Ca. 1995) (quoting Kelly, 114 F.R.D. at 661). Whether personnel files are privileged depends upon the balance of "potential benefits of disclosure against potential disadvantages; if the latter is greater, the official information privilege may bar discovery." Miller v. Pancucci, 141 F.R.D. 292, 299 (C.D. Cal. 1992). Because "privileges operate in derogation of the truth finding process the law places the burden of proving all elements essential to invoking any privilege on the party seeking its benefits." Kelly, at 662; Fed. R. Civ. P. 26(b)(5).

3

1   To invoke the official information privilege the party opposing discovery must, in addition to

2 a privilege log, submit an affidavit from an official of the agency in control of the materials sought

3 addressing the following concerns:

> 4  1) an affirmation that the agency generated or collected the material in issue and has in fact maintained its confidentiality (if the agency has shared some or all of the material
> 5  with other governmental agencies it must disclose their identity and describe the circumstances surrounding the disclosure, including steps taken to assure preservation
> 6  of the confidentiality of the material), (2) a statement that the official has personally reviewed the material in question, (3) a specific identification of the governmental or
> 7  privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer, (4) a description of how disclosure subject to a carefully crafted protective
> 8  order would create a substantial risk of harm to significant governmental or privacy interests, (5) and a projection of how much harm would be done to the threatened
> 9  interests if the disclosure were made.

10 Kelly, at 670.  The reason for requiring this showing is to provide the court with the necessary

11 information to weigh the competing interests.  The more specific the affidavit, the better it assists the

12 Court.  Id.   On the other hand, it is insufficient to submit a declaration of the officer involved in the

13 litigation to meet the requirements for invoking the official information privilege.  Kelly, at 669.

14   Here, City provided a declaration of Lt. Hurtado to support the assertion of the official

15 information privilege. (Doc. 17 at 2) When City filed its supplemental response to the discovery, as to

16 requests not at issue here, it provided an identical declaration only this time it was signed by Police

17 Chief, Steve Colerick.  Id.  Assuming providing the supplemental declaration of Chief Colerick satisfied

18 the requirements for invoking the privilege[1], the content of the declaration is not sufficient.  First, the

19 declaration does not assert that the declarant reviewed the particular records at issue, only that he is

20 "familiar with the contents of personnel files in general . . ." (Doc. 17, Ex A at 2) Second, although the

21 declaration describes, in the abstract, the various interests in maintaining the confidentiality of the

22 records, it fails to provide *specific* information about how disclosure of the *specific* documents requested

23 here would threaten the *specific* governmental and privacy interests at stake.  Third, the declaration fails

24 to evaluate how and to what extent a well-crafted protective order would minimize the impact on the

25 interests at issue.  Fourth, though the declaration indicates, in general, that harm *may* result if personnel

---

27   [1]The Court assumes, without deciding, that this was sufficient.  However, the Court is concerned that the *only*
declaration provided was Lt. Hurtados' which, clearly, does not suffice because Hurtado's personnel records are at issue.
28 Kelly, at 669.

4

1   records are disclosed, it does not address how disclosure of the specific information sought *would* result

2   in harm or the extent of that harm.

3       Finally, the declaration seems to assert that the personnel records should not be disclosed because

4   it is inconsistent and unfair to require an officer to answer questions during a departmental investigation

5   and to give up his right against self-incrimination, but criminal suspects cannot be forced to answer.[2]

6   However, the California Supreme Court resolved this concern when it issued the decision in <u>Lybarger</u>

7   <u>v. City of Los Angeles</u>, 40 Cal. 822, 828 (1985).  The Court held, "As a matter of constitutional law, it

8   is well established that a public employee has no absolute right to refuse to answer potentially

9   incriminating questions posed by his employer.  Instead, his self-incrimination rights are deemed

10  adequately protected by precluding any use of his statements at a subsequent criminal proceeding." <u>Id.</u>

11  It is not for this Court to second-guess the California Supreme Court's reasoning.

12      Therefore, even assuming that the later-filed Colerick declaration met the requirement of

13  providing declaratory support for invoking the privilege, the Court finds that the privilege has been

14  waived by City's failure to provide a declaration that recites the substantive information required by

15  <u>Kelly</u> and all objections based upon this privilege are **OVERRULED.**

16  **IV.    The deliberative process privilege**

17      The deliberative process privilege protects "materials created by administrative agencies during

18  the decision-making process." <u>Nat'l Wildlife Fed'n v. United States Forest Serv.</u>, 861 F.2d 1114, 1116

19  (9th Cir. 1988).  The privilege is designed to promote the quality of agency decisions by protecting from

20  disclosure internal discussions which, if disclosed, would discourage the free-flow of ideas and "frank

21  discussion of legal or policy matters." <u>NLRB v. Sears Roebuck & Co.</u>, 421 U.S. 132, 150 (1975).  Thus,

22  the privilege applies only to "significant policy decisions," <u>Chao v. Mazzola</u>, 2006 U.S. Dist. LEXIS

23  58874 at *3 (N.D. Cal. Aug. 10, 2006), rather than factual material. See <u>In re McKesson Governmental</u>

24  <u>Entities Average Wholesale Price Litigation</u>, 264 F.R.D. 595, 601 (N.D.Cal., 2009) ("[f]actual material

25  generally is not considered deliberative").  The information sought to be protected must be

26  communications that are both "predecisional" and "deliberative." <u>Id.</u>  at 151-152.; <u>Carter v. United</u>

27  _____

28  [2]Notably, the matter before the Court is a *civil* matter, not a criminal matter so the Court is uncertain how this argument applies.

5

States Dep't of Commerce, 307 F.3d 1084, 1089 (9th Cir. 2002).  In <u>Assembly of California v. United States Dep't of Commerce</u>, 968 F.2d 916, 920 (9th Cir. Cal. 1992), the Ninth Circuit held,

> A "predecisional" document is one "prepared in order to assist an agency decisionmaker in arriving at his decision," [Citation], and may include "recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency," [Citation]. A predecisional document is a part of the "deliberative process," if "the disclosure of [the] materials would expose an agency's decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions." [Citation].

Citations omitted.

The burden of establishing entitlement to the deliberative process privilege is on the party asserting it.  <u>North Pacifica, LLC v. City of Pacifica</u>, 274 F.Supp. 2d 1118, 1121 (N.D. Cal. 2002).  This requires, "(1) a formal claim of privilege by the head of the department having control over the requested information; (2) assertion of the privilege based on actual personal consideration by that official; (3) a detailed specification of the information for which the privilege is claimed, with an explanation why it properly falls within the scope of the privilege; and (4) a showing that the material for which the privilege is asserted has been kept confidential. <u>Coleman v. Schwarzenegger</u>, 2008 U.S. Dist. LEXIS 111653*19 (E.D. Cal. 2009) (quoting <u>Landry v. F.D.I.C.</u>, 204 F.3d 1125, 1135 (D.C. Cir. 2000)).  Although the party invoking the privilege must establish that the information sought contains privileged material of the type that would chill deliberations, the party does not have to demonstrate that each individual document would actually chill deliberations. See <u>Coastal States Gas Corp. v. Dept. of Energy</u>, 617 F.2d at 866, 869 (D.C. Cir. 1980).

The Coleridge declaration is insufficient to establish an entitlement to the deliberative process privilege.  It fails to demonstrate that the declarant considered this privilege at all.  Instead, the declaration seeks only the privileges provided by "the United States and California Constitutions, the Official information Privilege and the Peace Officer Personnel Files Privilege under California statutory and decisional law."  (Doc. 17, Ex A at 2) There is no assertion that the declarant actually personally considered the privilege and whether it should apply to the information sought.  Likewise, the declaration fails to outline the specific material for which the privilege is claimed and fails to offer any analysis why the privilege applies to it.

6

1    Even assuming that the objection, based upon this privilege was made as to each request, though

2    it was not, there is no indication that any of the information sought involves predecisional materials

3    developed for the purposes of assisting an agency decisionmaker to deliberate and decide high-level

4    policy questions.  At most, the records sought include information about City's decision in hiring the

5    officers and/or its decision regarding discipline of the officers for the incident involving Plaintiff or for

6    other incidents.   These decisions are not high-level policy questions consideration of which the

7    deliberative process privilege was designed to protect.   Therefore, the objections based upon this

8    privilege are **OVERRULED.**

9    **V.      Subsequent remedial measures**

10    Federal Rule of Evidence 407 prohibits evidence of subsequent remedial measures to be admitted

11    to prove negligent or culpable conduct.  However, F.R.E. 407 governs the admissibility of evidence; is

12    does not control pretrial discovery.  See <u>Stalling v. Union Pac. R.R. Co.</u>, No. 01 C 1056, 2003 U.S. Dist.

13    LEXIS 9550, at *29-30 (N.D. Ill. June 6, 2003); see also 2-407 Weinstein's Fed. Evid. § 407.09 ("Rule

14    407 is a rule of admissibility at trial; it is not a rule governing pretrial procedure. The standard of

15    admissibility established by Rule 407 for evidence of subsequent remedial measures is more stringent

16    than that for permitting pretrial discovery. The rules of evidence are relaxed in discovery proceedings

17    because inadmissible material often leads to the discovery of admissible evidence.").  Thus, though the

18    evidence discovered may not, ultimately, be admitted at trial, this is no basis for refusing to disclose it

19    during discovery. Fed. R. Civ. P . 26 ("Relevant information need not be admissible at trial if the

20    discovery appears reasonably calculated to lead to the discovery of admissible evidence.") Therefore,

21    the objections based upon this evidentiary objection are **OVERRULED.**

22    **VI.     The law enforcement privilege**

23    The law enforcement privilege is designed "to prevent disclosure of law enforcement techniques

24    and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement

25    personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent

26    interference with an investigation." <u>In re Department of Investigation of City of New York,</u> 856 F.2d

27    481, 484 (2d Cir. 1988).  But, the privilege is not absolute. It is a qualified privilege only that requires

28    the Court to "balance the public interest in nondisclosure against the need of the particular litigant for

7

1    access to the privileged information." <u>Friedman v. Bache Halsey Stuart Shields, Inc.</u>, 738 F.2d 1336,

2    1341, 238 U.S. App. D.C. 190 (D.C. Cir. 1984).  In deciding whether the privilege should apply, courts

3    consider: (1) the extent to which disclosure will thwart governmental processes by discouraging citizens

4    from giving the government information; (2) the impact upon persons who have given information of

5    having their identities disclosed; (3) the degree to which governmental self-evaluation and consequent

6    program improvement will be chilled by disclosure; (4) whether the information sought is factual data

7    or evaluative summary; (5) whether the party seeking the discovery is an actual or potential defendant

8    in any criminal proceeding either pending or reasonably likely to follow from the incident in question;

9    (6) whether the police investigation has been completed; (7) whether any intradepartmental disciplinary

10   proceedings have arisen or may arise from the investigation; (8) whether the plaintiff's suit is

11   non-frivolous and brought in good faith; (9) whether the information sought is available through other

12   discovery or from other sources; and (10) the importance of the information sought to the plaintiff's case.

13   <u>Frankenhauser v. Rizzo</u>, 59 F.R.D. 339, 344 (E.D. Pa. 1973), overruled on other grounds, <u>Startzell v.</u>

14   <u>City of Philadelphia</u>, No. 05-05287, 2006 U.S. Dist. LEXIS 74579 (E.D. Pa. Oct. 13, 2006). Moreover,

15   "'When the records are both relevant and essential to the presentation of the case on the merits, the need

16   for disclosure outweighs the need for secrecy, and the privilege is overcome. It is appropriate to conduct

17   the balancing test for determining whether the law enforcement privilege applies with an eye towards

18   disclosure.' [Citation]" <u>Ibrahim v. Dep't of Homeland Sec.</u>, 2009 U.S. Dist. LEXIS 122598 (N.D. Cal.

19   Dec. 17, 2009), citation omitted.

20        Before the government may assert the privilege, "the information for which the privilege is

21   claimed must be specified,  with an explanation why it properly falls within the scope of the privilege."

22   <u>In re Sealed Case</u>, 856 F.2d 268, 271, 272 U.S. App. D.C. 314 (D.C. Cir. 1978). As noted above, the

23   declaration submitted by City fails to indicate that the declarant considered this particular privilege.

24   There is no attempt made by City to evaluate the privilege in light of each particular request nor any

25   showing demonstrating why the privilege should apply to the requests except in the most general of

26   terms.  Therefore, City's objections based upon this privilege are **OVERRULED.**

27   ///

28   ///

8

**VII.    The right of privacy**

Though federal courts recognize a general right to privacy, the resolution of a privacy objection requires a balancing of the need for the particular information against the privacy right asserted. <u>Soto v. City of Concord</u>, 162 F.R.D. 603, 621 (N.D. Cal. 1995). As to police officer personnel files, courts have recognized privacy rights (<u>Kelly</u>, 114 F.R.D. at 660; <u>Denver Policemen's Protective Ass'n. v. Lichtenstein</u>, 660 F.2d 432, 435 (10th Cir. 1981); <u>Martinez v. City of Stockton</u>, 132 F.R.D. 677, 681 (E.D. Cal. 1990)) and have determined that they should given "some weight" if they are protected by state constitutions or statutes. <u>Kelly</u>, 114 F.R.D. at 656. However, these privacy interests must be balanced against the great weight afforded to federal law in civil rights cases against police departments. <u>Kelly</u>, 114 F.R.D. at 660.

The Court recognizes that the information contained in police personnel files is unlikely to be available from any other source than Defendants' files. <u>Kelly</u>, 114 F.R.D. at 667. Also, there is a strong public interest in uncovering civil rights violations by police officers. <u>Id</u>. at 660. Those interests would be substantially harmed if access to relevant portions of the requested personnel files is denied. This Court rejects that Plaintiff is able to obtain comparable information through interrogatories or depositions of the individual officers. Repeatedly, courts have found that the privacy interests police officers have in their personnel files do not outweigh the civil rights plaintiff's need for the documents. <u>Martinez v. City of Stockton</u>, 132 F.R.D. 677, 683 (E.D. Cal. 1990); <u>Hampton v. City of San Diego,</u> 147 F.R.D. 227, 230 (S.D. Cal. 1993); <u>Miller</u>, 141 F.R.D. at 301 (C.D. Cal. 1992). On the other hand, this does not mean that Plaintiff is entitled to unfettered access to the personnel records at issue.

For these reasons, as to many of the requests outlined below, the Court finds that any legitimate privacy interests are outweighed by the need for disclosure. <u>Ramirez v. City of Los Angeles</u>, 231 F.R.D. 407 (C.D. Cal. 2005); <u>Taylor v. Los Angeles Police Dept</u>., 1999 U.S. Dist. LEXIS 23570, 1999 WL 33101661 (C.D. Cal. 1999); <u>Soto</u>, 162 F.R.D. at 621. However, as outlined below, the disclosure is subject to redaction of the records to mitigate against unnecessary invasion of the officers' privacy interests and the disclosure will be subject to a well-crafted protective order.

///

///

1   **II.     Analysis**

2   **Request Nos. 22, 23, 25, 28**

3   In these requests, Plaintiff requests information related to any investigation into the use of force

4   by Knowlton and Hurtado during the incident with Plaintiff.  Initially, City refused to respond based

5   upon privilege.  However, City now amended its response to indicate that it has no documents

6   responsive to the request.  Therefore, the motion to compel as to these requests is **MOOT.**

7   **Request Nos. 29, 37 & 30, 38 & 32, 40**

8   The first two requests seek "Any and all job applications in the possession of the City of

9   California pertaining to Defendant Officer Standish Knowlton" and Hurtado, respectively.  Requests 30,

10  and 38 seek, "pre-employment job history" for both of the individual officers and requests 32 and 40

11  seek records related to "background histories" for the officers.

12  Plaintiff asserts that these documents "are of core relevance" and explains the applications "may

13  be relevant on the issue of credibility, notice to the employer, ratification by the employer and motive

14  of the officers."[3]  Exactly how Knowlton's and Hurtado's job applications impact their credibility,

15  except peripherally and collaterally, is unclear.  On the other hand, the officers' previous job history, as

16  it relates to their current employment, is relevant.  For example, if they were employed as a law

17  enforcement officer in the past and were fired due to their use of excessive force or applied for law

18  enforcement positions and were rejected, this could impact City's liability.  On the other hand, the

19  officers' past jobs that are unrelated to law enforcement are irrelevant to the current circumstances such

20  that the invasion into the officers' privacy is unwarranted.

21  City argues that the documents are confidential and contain confidential and personal

22  information, such as social security numbers and home addresses.  The Court agrees that Plaintiff is not

23  entitled to this type of information.  Therefore, as to these requests, the Court **GRANTS** the motion to

24  compel **IN PART** and  **DENIES IN PART**.

25  City is ordered to produce to Plaintiff <u>redacted</u> copies of the job applications that initiated the

26  officers' current employment as a law enforcement officer with City and other documents containing

27  _____

28  [3]In support of most requests, Plaintiff recites the same, rote justification. This fails to meet Plaintiff's obligation to request-specific analysis.

their job histories related to their application for their current employment with the City's Police Department.  City is ordered to redact the officers' addresses and other contact information, social security numbers, drivers license numbers, dates of birth and any other personal identifiers (except for the officers' names) in addition to any salary or tax information (Garcia v. City of Imperial, 2010 U.S. Dist. LEXIS 78135 (S.D. Cal. July 30, 2010), as well as any information about the officers' family members, if it appears on the application.  Likewise, City is ordered to redact any information about past jobs that are unrelated to law enforcement or military service but is required to not redact references to previous law enforcement positions sought by the officer, but not obtained.

**Request Nos. 31, 39**

In these requests, Plaintiff seeks all "psychological tests" in City's possession for the officers. City objects on a myriad of grounds.  For his part, Plaintiff, once again, repeats that these records are of "core relevance" but offers no real substantive support, unique to this request, to justify this significant invasion into the officers' privacy.

Though courts have permitted disclosure of psychological testing of police officers related to the specific event at issue Soto v. City of Concord, 162 F.R.D. at 618, Plaintiff has not so limited his request.  Moreover, the Plaintiff's description of the event and City's report that no investigation was made into it, convinces the Court that no such records exist. Even if the records exist, the Court has no confidence that they would be reasonably calculated to lead to admissible evidence.  The Court finds also that Plaintiff's failure to offer any unique, substantive argument to support these particular requests is, perhaps, telling.  More importantly, this Court has determined that the psychotherapist-patient privilege attaches to psychological testing of police officers. Rodriguez v. City of Fresno, 2010 U.S. Dist. LEXIS 95054 at *4-5 (E.D. Cal. Sept. 1, 2010) citing Jaffee v. Redmond, 518 U.S. 1, 11-13 (1996). Therefore, the motion to compel these records is **DENIED**.

**Request Nos. 33, 41 & 35, 36, 43**

These requests, specifically numbers 33 and 41, seek records of claims that the officers, Knowlton and Hurtado, used excessive force, were dishonest or fabricated or falsified evidence.  Request number 35, 36 and 43 seek all records of discipline imposed on these officers.

1       The personnel records of the law enforcement officers named as defendants in claims alleging

2   the use of excessive force are within the scope of discovery. Baker v. Hatch, 2010 U.S. Dist. LEXIS

3   91974, at *3-4 (E.D. Cal. Aug. 12, 2010), citing Soto, 162 F.R.D. at 614-615; Hampton v. City of San

4   Diego, 147 F.R.D. 227, 230-31 (S.D. Cal.1993); Miller v. Pancucci, 141 F.R.D. at  296.   Training

5   records and information related to conduct, performance and evaluation "may be relevant to credibility,

6   knowledge, motive, preparation, opportunity, identity or absence of mistake or accident." Baker, at *3-4.

7   Likewise, past incidents of excessive force may bear on City's Monell liability.

8       However, the Court concludes that only incidents that are similar to the one at issue are relevant

9   and, therefore, discoverable.  For these reasons, the Court **GRANTS IN PART** and **DENIES IN PART**

10   the motion to compel.  As to incidents occurring within ten years before the event involving Plaintiff,

11   City is ordered to disclose all records documenting claims, complaints or investigations and any

12   subsequent discipline imposed, related to the defendant officers' use of excessive force while affecting

13   an arrest or a detention.  Also, as to incidents occurring within ten years before the event involving

14   Plaintiff, City is ordered to disclose any claims, complaints or investigations related to assertions that

15   the officers were dishonest in the course of their duties or falsified or fabricated evidence.

16   **Request Nos. 34, 42**

17       These requests seek the training records for defendants Knowlton and Hurtado. City has agreed

18   that it will provide all POST training records for these officers.  For the same reasons set forth above,

19   training records are probative of the Monell claims and as to a claim of qualified immunity.  However,

20   the Court does not agree that *only* POST training courses are relevant.  Instead, all training records

21   related to the use of force are pertinent.  Therefore, the motion to compel is **GRANTED IN PART** and

22   **DENIED IN PART**.  City is ordered to disclose all training records for the subject officers related to

23   the use of force *and* all POST training records.

24   **Request for Attorneys Fees**

25       Both parties seek an award of attorneys' fees to compensate them for the time spent related to

26   this dispute and motion.  To determine the propriety of awarding attorneys fees, Federal Rules of

27   Civil Procedure 37(a)(5)(C) places this determination within the discretion of the Court.  This Rule

28   provides, in pertinent part: "If the motion is granted in part and denied in part, the court may issue

1    any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard,

2    apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C).

3            Considering all of the circumstances, including the content of the production requests, City's

4    responses and objections, the limited success Plaintiff received on this motion and the burden placed

5    on the Court due to the failure of both parties to provide request-specific analysis, the Court will

6    **DENIES** the respective requests for monetary sanctions.

7                                              **ORDER**

8            Based on the foregoing, the Motion to Compel the Production of Documents (Doc. 15) is

9    **GRANTED IN PART** and **DENIED IN PART** as follows:

10           1.    The Motion to Compel Production for Requests 22, 23, 25 and 28is **MOOT**.

11           1.    The Motion to Compel Production for Requests 29, 30, 32, 37, 38, and 40 is **GRANTED**

12                **IN PART** and **DENIED IN PART**.

13           2.    As to all remaining requests, the motion is **DENIED**.

14           3.    The parties are **ORDERED** to meet and confer and to jointly draft a proposed protective

15                order to protect the documents from the personnel records of the defendant officers that

16                will be disclosed pursuant to this order and to limit use of these documents to the current

17                litigation, the parties, their counsel and their expert witnesses.  The order should address

18                how the documents should be destroyed or returned upon the termination of this

19                litigation.

20                    Mr. Krauss will provide a first draft of the order to Ms. Coleman, via fax or e-

21                mail, no later than October 13, 2010 and Ms. Coleman will provide any requested

22                changes to Mr. Krauss, via fax or e-mail, no later than October 18, 2010. The parties are

23                **ORDERED** to file the proposed protective order no later than October 20, 2010, for the

24                Court's consideration.

25           4.    Once the protective order is signed by the Court, within three days, City is ordered to

26                produce the documents responsive to the Court's order here, or provide a certification

27                that City has  no responsive documents.

28    ///

                                                13

1      5.      The request for attorneys fees is **DENIED.**

2

3    IT IS SO ORDERED.

4    Dated:   **October 12, 2010**                                                    **/s/ Jennifer L. Thurston**
                                                                          UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28